**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SANCHEZ EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNKNOWN LIVINGSTON, et al., | ) |
| | ) |
| Defendants. | ) |

No. 4:20-CV-989-SNLJ

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Sanchez Edwards, a pre-trial detainee at the St. Louis City Justice Center, to proceed in the district court without prepaying fees and costs. Having reviewed the application, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order the Clerk of Court to issue process on Lieutenants Livingston, Turner, and Evans in their individual capacities. The Court will dismiss plaintiff's claims brought against the St. Louis City Justice Center.

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

Plaintiff's application to proceed in the district court without prepaying fees or costs indicates plaintiff has no job, no income, and no property. The Court will therefore assess an initial partial filing fee of $1.00, which is reasonable under the circumstances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging that defendants Unknown Livingston (Lieutenant), Unknown Turner (Lieutenant), Unknown Evans (Lieutenant), and the St. Louis City Justice Center are violating his Eighth Amendment right to be free of cruel and unusual punishment based on his deplorable living conditions.

Plaintiff states that he is a special needs pre-trial detainee, housed at the St. Louis City Justice Center. He has been in the same cell for about a year. Plaintiff states defendants have purposefully turned off the water to his cell. Because he has no water to his cell, he has no ability to flush his toilet and it is overflowing with feces. Additionally, he cannot drink from his sink. He states further:

> The plaintiff has feces all over his cell floor, so much that it runs from under his cell door, leaving workers to clean it up, and such actions of defendants,

-3-

allowing plaintiff to be housed in his cell under animalistic conditions violates his rights.

Defendants only allow plaintiff to come out of his cell to shower once a week.

Plaintiff is unable to get drinking water sometimes from defendants, and drinks water out of his toilet that he uses to try and flush his toilet with that is given to him by defendants, whenever possible. Plaintiff gets water from [other] detainees too.

Plaintiff has run out of his cell on one occasion as an escape attempt to get water, but disinfectant was his only option and plaintiff drank that.

Plaintiff screams and yells for help at the top of his voice and cries, but to no avail. Plaintiff has old food and toilet tissue scattered all over his cell. Plaintiff's cell smells like an animal's cage at a zoo.

In addition, plaintiff has attached the affidavit of Eric Ware, a fellow pre-trial detainee at the St. Louis City Justice Center.[1] Mr. Ware states that on July 18, 2020, as he was walking by plaintiff's cell, plaintiff asked him for help. Mr. Ware walked up to plaintiff's cell and said it smelled like a zoo.

> I looked inside of his cell and said oh my God! Feces was pouring over in his toilet and all over his floor. He has used and unused toilet tissue all over his cell floor. He has to push the feces under his door so it will get cleaned up. I witnessed workers clean it up on different occasions. He had no working water. I started crying and didn't care who saw me. . . . Plaintiff told me about him drinking out of his toilet and other detainees. He has spoiled food all over his cell. I hear him often screaming for help. . . . Out of my 20 years of litigating, I have never ever saw such gross jail or prison conditions like this. He receives one shower a week.

As a result of these conditions, plaintiff states he has headaches, skin rashes, nausea, dizziness, depression, feelings of hopelessness, and that he is teased and bullied by other detainees. For relief, plaintiff seeks damages of $400,000 for pain and suffering and $400,000 as punitive

---

[1] Based on the handwriting, it appears Mr. Ware helped draft plaintiff's complaint. Plaintiff does not discuss the nature of his special needs, but it appears he was incapable of drafting the complaint.

damages. He seeks "immediate injunctive relief" "or someone to actually witness plaintiff's circumstances so that this matter [may] be reported to [the] Attorney General."

## Discussion

### *(1)    Allegations Against Lieutenants Livingston, Turner, and Evans*

Prison "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994); *see also Turner v. Mull*, 784 F.3d 485, 491 (8th Cir. 2015). To prevail on an unsanitary condition claim, the plaintiff must show that prison officials were deliberately indifferent to plaintiff's cell conditions. *Wishon v. Gammons*, 978 F.2d 446, 449 (8th Cir. 1992).

Plaintiff alleges his cell is filled with raw sewage, feces, used toilet paper, spoiled food, and that the water to the cell has deliberately been turned off by defendants. He states this condition has lasted nearly a year. These conditions are confirmed by a fellow inmate, Mr. Ware, in a signed affidavit. Liberally construed, plaintiff has alleged a plausible claim against defendant Lieutenants Livingston, Turner, and Evans for a violation of plaintiff's Eighth Amendment rights based on plaintiff's conditions of confinement. The Court will order process on these defendants based on the service agreement the Court maintains with the St. Louis City Counselor's Office.

### *(2)    Allegations Against St. Louis City Justice Center*

Plaintiff's claims against the St. Louis City Justice Center must be dismissed. The St. Louis City Justice Center is a city jail, and "jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 F.

App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). For this reason, the Court will dismiss plaintiff's claims against the St. Louis City Justice Center.

**Motion for Appointment of Counsel**

Finally, plaintiff has filed a motion for appointment of counsel. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995) (abrogated on other grounds, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claims. Plaintiff has not identified the nature of his special needs, nor has he stated that these special needs interfere with his ability to present his claims. He has filed a readily understood pleading that indicates that he is capable of clear expression and appropriate organization of content. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of

-6-

sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**.  [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the St. Louis City Counselor's Office, as to defendants Lieutenant Livingston, Lieutenant Turner, and Lieutenant Evans in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against the St. Louis City Justice Center are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**.  [ECF No. 2]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 13th day of August, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

-7-